UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MICHAEL COLLINS IHEME,

    Plaintiff,

v.

MICHELLE SMITH, Warden
Stillwater Prison, Minnesota, and
TONY FORCHAS, MinnCor Director,

    Defendant.

Civil No. 12-2270 (DWF/JJK)

**REPORT AND RECOMMENDATION**

---

Plaintiff, a Minnesota prison inmate, commenced this action by filing a civil complaint, and an application for leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The matter has been assigned to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.

Because Plaintiff is a prisoner, he is subject to the initial partial filing fee requirement prescribed by 28 U.S.C. § 1915(b)(1). On September 25, 2012, Plaintiff was ordered to pay an initial partial filing fee of $15.62 within twenty (20) days. (Docket No. 3.) Plaintiff did not pay his initial partial filing fee as ordered, but he instead filed a motion asking to be excused from paying that fee. (Docket No. 4.)

Based on the representations made in Plaintiff's motion, the Court now finds that Plaintiff has "no assets and no means" by which he can pay an initial partial filing fee. See 28 U.S.C. § 1915(b)(4). The Court will therefore recommend that Plaintiff's motion to be excused from paying his initial partial filing fee be granted. However, the Court will also recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, for the reasons discussed below.

## I. BACKGROUND

Plaintiff is attempting to sue two Minnesota state prison officials – (1) Michelle Smith, the Warden at the Minnesota Correctional Facility in Stillwater, Minnesota, ("MCF-STW"), and Tony Forchas, who is identified as the "Director" of "Minncor," which apparently is a prison industries program. This action stems from certain incidents that allegedly occurred while Plaintiff was working at a prison industries job at MCF-STW. Plaintiff alleges that on May 8, 2011, he was "bullied" by some inmate co-workers because of his race and national origin. Plaintiff allegedly reported the incident to Defendants, and Defendants allegedly advised Plaintiff to talk to his supervisor if any further incidents occurred. (Complaint, p. 4 [as numbered by the Clerk].)

Another workplace incident occurred in September 2011. On that occasion, an inmate co-worker allegedly pushed Plaintiff, and "cursed him out saying disparaging things." (Id.) When Plaintiff reported the incident, (apparently to a supervisor), he was terminated from his prison job, but the other inmate received no punishment. (Id.) The other inmate allegedly was treated more favorably because he is Caucasian, and he is a friend of some prison officials. (Id.)

Several months after the second workplace incident, Plaintiff allegedly filed an employment discrimination claim with the Equal Employment Opportunity Commission, ("EEOC"). (Id.) Thereafter, some unidentified "prison officials" allegedly began to harass Plaintiff, and "retaliate" against him. (Id.) Plaintiff alleges that he was "put in detention for doing 'nothing' wrong and denied all necessities," including "access to medical attention." (Id.)

Plaintiff is now attempting to sue the two named Defendants under Title VII of the Civil Rights Act of 1964. (Id., p. 5.) Title VII prohibits employers from engaging in various pernicious forms of discrimination, including discrimination based on race. Presumably, Plaintiff is claiming that Defendants are liable to him under Title VII, because he allegedly was terminated from his prison job by reason of his race. Plaintiff is seeking a judgment against Defendants for $8,500,000, (plus an additional $5,000,000 in punitive damages). (Id.)

**II. DISCUSSION**

Because Plaintiff is a prisoner who is seeking redress from governmental defendants, his pleading must be screened pursuant to 28 U.S.C. § 1915A. That statute requires federal courts to review every prisoner complaint brought against governmental agents or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The court must determine which aspects of the complaint are actionable and should be allowed to proceed. If a complaint fails to state a cause of action on which relief can be granted, the case must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v.

3

Iqbal, 129 S.Ct. 1937, 1950 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is attempting to bring a Title VII claim against Defendants, because he allegedly was subjected to illegal racial discrimination while working at his prison job. However, federal courts have repeatedly held that Title VII does not apply to prison inmates who are assigned to prison jobs.

Prisoners who work in rehabilitative prison industry programs are generally <u>not</u> considered to be "employees" for purposes of federal employment law statutes. In <u>McMaster v. State of Minnesota</u>, 30 F.3d 976, 980 (8th Cir. 1994), cert. denied, 513 U.S. 1157 (1995), our Court of Appeals considered whether Minnesota prison inmates who work in state-run prison industry programs are "employees" for purposes of the federal Fair Labor Standards Act, ("FLSA"). The Court concluded that:

> "[I]nmates such as the present plaintiffs, who are required to work as part of their sentences and perform labor within a correctional facility as part of a state-run prison industries program are not 'employees' of the state or prison within the meaning of the [FLSA]. <u>The economic reality of the relationship between inmates and the DOC dictates that the inmates not be considered employees.</u> The inmates have not volunteered or contracted to work for the State; they are assigned and required to do so."

Id. (emphasis added).

The Eighth Circuit later reached the same conclusion – i.e., that an inmate worker

4

should not be treated as an "employee" – in a case brought under Title VII. Battle v. Minnesota Dept. of Corrections, 40 Fed.Appx. 308, 310 (8th Cir. 2002) (unpublished opinion) ("the District Court was correct in concluding that [the prisoner-plaintiff] is not an employee for purposes of Title VII"). See also Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991) (federal prisoners participating in prison industry programs are not considered to be "employees" for purposes of Title VII); McCaslin v. Cornhusker State Industries, 952 F.Supp. 652, 657 (D.Neb. 1995) (concluding that Title VII does not apply to prisoners working in a prison setting); Smith v. Sumner, No. 2:11CV39MLM (E.D.Mo. 2011), 2011 WL 4342617 at *6 ("Title VII does not apply to the prisoner working in the state prison, for the state prison industry as part of his or her sentence"); Jones v. Lockett, NO. CIV.A 08-16 (W.D.Pa. 2009), 2009 WL 2232812 at *5 (citing several federal cases supporting the conclusion that prison inmates are not employees for purposes of Title VII). Based on the foregoing authorities, the Court finds that Plaintiff cannot plead an actionable Title VII claim against the named Defendants, (or anyone else), based on alleged discrimination at a prison job.

Although it appears that Plaintiff is presently attempting to sue Defendants solely under Title VII, the Court has nevertheless considered whether any other actionable claim for relief might be found in Plaintiff's complaint. However, no such claim can be found. Plaintiff's complaint includes several amorphous allegations of "retaliation," "false detention," denial of access to medical care, and similar accusations that are frequently found in prisoner civil rights actions. However, Plaintiff has plainly failed to state any actionable civil rights claim against either of the named Defendants.

To state an actionable civil rights claim against a defendant, a complaint must set forth specific factual allegations showing what that particular defendant allegedly did, or failed to do, (while acting under color of state law), that purportedly violated the plaintiff's federal constitutional rights. The complainant must allege facts showing each named defendant's <u>personal involvement</u> in the alleged constitutional violation. <u>Ellis v. Norris</u>, 179 F.3d 1078, 1079 (8th Cir. 1999). <u>See</u> <u>also</u> <u>Beck v. LaFleur</u>, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). As explained by the Supreme Court, "a plaintiff must plead that each Government-official defendant, <u>through the official's own individual actions</u>, has violated the Constitution." <u>Iqbal</u>, 129 S.Ct. at 1948 (emphasis added).

In this case, Plaintiff has not pleaded a cognizable civil rights claim against the named Defendants, because his complaint does not describe any specific acts or omissions by either of the named Defendants that violated the federal Constitution. Plaintiff alleges only that he reported a workplace incident to Defendants, and they told him that if it happened again, he should report the matter to his supervisor. This allegation, if proven true, would not establish that either of the named Defendants <u>personally</u> violated any of Plaintiff's federal constitutional rights. Therefore, Plaintiff has failed to plead an actionable civil rights claim against either of the Defendants.

### III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's current complaint fails to state a cause of action on which relief can be granted. The Court will therefore

6

recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The Court will also recommend that Plaintiff's IFP application be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff must remain liable for the unpaid balance of the $350 filing fee.[1] Plaintiff has not yet paid any fee in this matter, so he still owes the full $350. Prison officials will have to deduct that amount from Plaintiff's trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Because Plaintiff has not pleaded an actionable claim for relief, the Court will further recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's motion to be excused from paying an initial partial filing fee, (Docket No. 4), be **GRANTED**;

---

[1] Under the Prison Litigation Reform Act, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

2. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

3. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

5. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated:   November 5, 2012

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 20, 2012, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.